Michael B. Eisenberg, Esq. #178308
mbe@laborlitigators.com
Daniel Nomanim, Esq. #293883
den@laborlitigators.com
EISENBERG & ASSOCIATES
3580 Wilshire Blvd, Suite 1260
Los Angeles, California 90010
Telephone:  (213) 201-9331
Facsimile:   (213) 382-4083
www.laborlitigators.com

Attorneys for Plaintiff,
JENNA NOBLE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNA NOBLE,<br><br>          Plaintiff,<br><br>    vs.<br><br>DORCY, INC., a California corporation dba CONSCIOUS CO-PARENTING INSTITUTE; DORCY PRUTER, an individual; and DOES 1-100, inclusive,<br><br>          Defendants.<br>_____ | Case No. 2:19-cv-08646 ODW (JPRx)<br>[Hon. Otis D. Wright, II]<br>[Magistrate Judge Jean P. Rosenbluth]<br><br>Plaintiff's Notice of Motion and Motion to Quash Plaintiff's Deposition Subpoenas for Production of Business Records or, in the alternative, Motion for a Protective Order; Declaration of Daniel Nomanim; Declaration of Jenna Noble<br><br>Date:     December 5, 2019<br>Time:     10:00 a.m.<br>Place:    Courtroom 690, 6th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      You are hereby notified that at the above captioned date and time, or as soon as the matter may be heard, in Courtroom 690, 6th Floor, of the above captioned court, located at Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA, 90012, Plaintiff Jenna Noble (hereinafter "Plaintiff") will move this court for an order quashing Defendants Dorcy, Inc. and Dorcy Pruter's (hereinafter "Defendants") service of deposition subpoenas for production of business records on Paypal Holdings, Inc., or in the alternative, move this court for a protective order.

//

Plaintiff's MTQ Plaintiff's Deposition Subpoenas for Production of Business Records, or in the Alternative, Motion for a Protective Order

Plaintiff's motion will be made pursuant to FRCP Rules 26, 45 on the ground that the subpoena is premature, seeks trade secret or other private and confidential information, and is irrelevant, is overbroad, not narrowly tailored, and violate privacy rights, especially a third party rights to privacy.

This motion will be based on this notice, the points and authorities set forth below, the attached declaration of Daniel Nomanim, Esq., and the complete files and records in this action.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 8, 2019.

DATED:    October 23, 2019                    EISENBERG & ASSOCIATES

By:_____/s/_____
                    Daniel Nomanim
                    Attorneys for Defendant

Plaintiff's MTQ Plaintiff's Deposition Subpoenas for Production of Business Records, or in the Alternative, Motion for a Protective Order

## Memorandum of Points and Authorities

### I.   Introduction

Defendants have propounded an extremely invasive, overbroad, and invalid state court subpoena to Paypal Holdings, Inc.  Despite removing the case to federal court, Defendants have refused to withdraw their state court subpoena without prejudice to allow the parties to adequately meet and confer, especially given that Defendants were put on notice of Plaintiff's Jewish holiday from October 14-22, which drastically reduced the time to meet and confer on this matter.  As will be shown below, the subpoena must be quashed because:

- It is premature under FRCP Rule 26(d), which states "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)..."). Because the FRCP 26 conference has not yet occurred, the subpoena served prior to the conference under FRCP Rule 26 was invalid;

- The subpoena was issued by a state court which was divested of jurisdiction upon removal.  See *Visicorp v. Software Arts, Inc.* (N.D. CA 1983) 575 F.Supp. 1528, 1531 ("Where or not such discovery is lodged with the state court, it is not a matter which remains with any force or effect after removal.").  See also FRCP 45 (a)(2) "A subpoena must issue from the court where the action is pending."

- The subpoena seeks extremely private information of Plaintiff and a third party;

- The subpoena seeks confidential trade secret information; AND

- The subpoena is irrelevant.

The purpose of this motion is to either quash the subpoenas in their entirety, or at least limit them in a way that is narrowly tailored, does not violate third party privacy rights, and specifically delineates the requested documents.  In the alternative, Plaintiff requests a protective order to avoid dissemination of this trade secret information.

Plaintiff's MTQ Plaintiff's Deposition Subpoenas for Production of Business Records, or in the Alternative, Motion for a Protective Order

## II.  Factual Background

As is relevant here, Plaintiff's initial interaction with Defendants was through paying $23,000 to train with Dorcy, Inc. under the guise that Plaintiff would receive certifications that would be recognized by the International Association of Coaching, which turned out not to be true.

Plaintiff then began working for Defendant around April or May of 2018 as its enrollment manager, which included coming to California to train Defendant's other employees, customer service, converting potential clients into customers, enrolling customers in Defendant's programs, going on business trips like attending conventions to sell Defendant's services, and secretarial duties for Dorcy Pruter.

Among other agreements, Plaintiff and Dorcy, Inc. agreed in writing that Plaintiff would make varying percentages of the gross price paid by participants to attend or participate in certain of Defendant's coaching programs that were sourced by Plaintiff through Defendants or by Plaintiff herself.  Plaintiff was not paid all of the agreed upon commissions she was entitled to and was also not paid other percentages of gross proceeds paid to Dorcy, Inc., even though Dorcy, Inc. agreed to pay such percentages.

On or around May 31, 2019, Dorcy Pruter forcefully grabbed Plaintiff's breasts during a business trip to the Association of Family and Conciliation Courts.  Plaintiff complained about this sexually harassing conduct to the police in Lloydminster, Alberta, Canada.  After Plaintiff's complaint to the police, Plaintiff was terminated in retaliation for her complaints on or about June 18, 2019.

## III.  Subpoena at Issue

The subpoena at issue directed to Paypal Holdings, Inc. seeks the following:

REQUEST FOR PRODUCTION OF DOCUMENTS NO.1

All PAYPAL ACCOUNT information associated with JENNA NOBLE.

2.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.2

All PAYPAL ACCOUNT information associated with MONIQUE MASON.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.3

All financial instruments added to PAYPAL ACCOUNTS associated with JENNA NOBLE.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.4

All financial instruments added to PAYPAL ACCOUNTS associated with MONIQUE MASON.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.5

Complete PayPal transactional information for PAYPAL ACCOUNTS associated with JENNA NOBLE.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.6

Complete PayPal transactional information for PA YPAL ACCOUNTS associated with MONIQUE MASON.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.7

All PAYPAL ACCOUNT information associated with the TD CANADA TRUST ACCOUNT.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.8

Complete PayPal transactional information for all PAYPAL ACCOUNTS associated with the TD CANADA TRUST ACCOUNT.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.9

All PAYPAL ACCOUNT information associated with the SERVUS ACCOUNT.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10

Complete PayPal transactional information for all PAYPAL ACCOUNT information associated with the SERVUS ACCOUNT.  Exhibit A.  This subpoena was sent under the jurisdiction of the State of California on October 3, 2019.

3.

Only after the parties met and conferred on October 8, 2019 and during Plaintiff's counsel's noticed vacation from October 14-22, 2019, Defendant filed a cross-complaint alleging that Plaintiff had allegedly "enrolled numerous clients, and then asked these clients to pay her via her personal PayPal account." See Document 11, Page 11, ¶10.

Even if this were true, it would not justify the vastly overbroad subpoena to Paypal requesting all of Plaintiff's Paypal transactions, as well as those of a third-party who has not been given the chance to object yet and who has not even been served.

At the very least, Defendant should have to limit its subpoena by time and to specific customers it believes were illegally taken on by Plaintiff and paid through Paypal.

## IV.   Subpoena Lacks Jurisdiction

On October 9, 2019, this action was removed to the United States District Court Case No. 2:19-cv-08646 ODW (JPRx). Thus, the state court subpoena lacks jurisdiction and it should not be responded to. See 28 USC §1446(d); *Ackerman v. Exxon Mobil Corp*. (4th Cir. 2013) 734 F.3d 237, 249-250.   Removal to the state court invalidates prior pending subpoenas. See *Visicorp v. Software Arts, Inc.* (N.D. CA 1983) 575 F.Supp. 1528, 1531 ("Where or not such discovery is lodged with the state court, it is not a matter which remains with any force or effect after removal.")

See also FRCP 45 (a)(2) "A subpoena must issue from the court where the action is pending."

## V.   Subpoena Is Premature

The subpoena violates FRCP Rule 26(d), which states "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)...". Because the FRCP 26 conference has not yet occurred, the subpoena served prior to our conference under FRCP Rule 26 was invalid.

4.

## VI.     Subpoena Seeks Private, Trade Secret Information and Is Irrelevant and Overbroad

Although this case is in federal court, as a diversity case brought under state law, the California state rules on privacy protection are applicable.  *Oakes v. Halvorsen Marine Ltd.* (CD CA 1998) 179 F.R.D. 281, 284.

Under California law, financial records are subject to the right to privacy.  *See Cobb. v. Sup.Ct.* (1979) 99 Cal.App.3d 543, 550.  "[T]here is a right to privacy in confidential customer information whatever form it takes, whether that form be...statements, or other account information."  *Fortunato v. Sup.Ct.* (2003) 114 Cal.App.4th 475, 480.  Moreover, the confidential financial affairs of third persons are entitled to a heightened privacy.  See *Valley Bank of Nevada v. Sup.Ct.* (1975) 15 Cal.3d 652, 658.

As such, their disclosure cannot be compelled unless the information is ***directly related*** to this action - that is, it must be essential to determining the truth of matters in dispute.  *Britt v. Sup. Ct.* (1978) 20 Cal.3d 844, 859-862.  See also *El Dorado Savings & Loan v. Sup. Ct.* (1987) 190 Cal.App.3d 342.  See also FRCP 26(b)(1), which requires a subpoena be relevant to the claim or defense of any party.

Moreover, even where the information meets this high standard of relevance, it is not to be disclosed unless a balancing of the interests favors disclosure.  Where a party seeks to discover documents subject to the constitutional right to privacy, that party bears the burden of establishing a <u>compelling need</u> for the discovery.  *Harding Lawson Assoc. v. Sup. Ct.* (1992) 10 Cal.App.4th 7, 10; *Davis v. Sup. Ct.* (1992) 7 Cal.App.4th 1008, 1014.

Finally, to the extent a court allows discovery into information protected by the right to privacy, the order must "be the minimum intrusion necessary to achieve its objective." *Lantz v. Sup. Ct.* (1994) 28 Cal.App.4th 1839, 1855.

Plaintiff's MTQ Plaintiff's Deposition Subpoenas for Production of Business Records, or in the Alternative, Motion for a Protective Order

A subpoena may also be quashed where it is served for harassment and not really for getting information. *Mattel, Inc. V. Walking Mountain Productions* (9th Cir. 2003) 353 F.3d 792, 814. Here, Plaintiff and a third party's private financial information from Paypal are obviously not relevant to a sexual harassment, fraud, and wrongful termination case. To the extent Defendant argues otherwise, it should have to provide evidence to overcome Plaintiff's privacy interests in this case.

Moreover, if the documents can be sought through a party without the need to seek them from a nonparty, a court should quash the subpoena. *Soto v. Castlerock Framing & Transport, Inc.* (ED CA 2012) 282 FRD 492, 505; *Nidec Corp. V. Victor Co. Of Japan* (ND CA 2007) 249 FRD 575, 577. To the extent Defendant can show any relevance, Defendant can simply send a request for production of documents for only relevant Paypal documents to plaintiff.

Finally, a subpoena should be quashed if it seeks trade secrets. *In Re Vitamins Antitrust Litig.* (SD OH 2003) 267 F.Supp.2d 738, 741; FRCP Rule 45(d). Here, disclosure of Plaintiff's Paypal information would reveal the confidential names of Plaintiff's customers, which she does not want revealed to anyone, let alone her former employer in the same line of business (i.e. family coaching to help estranged parents reunite with their children). Noble Declaration.

## A. Even if the Matter Were Relevant, the Balance of Interests Does Not Favor Disclosure

The court proceeds to a "balancing test" <u>only</u> if the defendant can show that the plaintiff's private records are <u>directly relevant</u>. The court must then carefully balance the interests involved: i.e., the plaintiff's right of privacy versus the public interest in obtaining just results in litigation. *Valley Bank of Nevada v. Sup.Ct.* (1975) 15 Cal.3d 652, 657.

6.

Assuming, *arguendo*, that Defendant can show direct relevance, Defendant cannot show that the "public interest" in obtaining financial information from Paypal for Plaintiff and a non-party witness somehow outweighs their privacy interests in those files.  Just because Defendant might believe there might be something interesting in these records does not mean that there is, all of a sudden, a great public interest in their disclosure.

In *El Dorado Savings & Loan,* 190 Cal. App. 3d 342, the Court also held that it is important to consider the balancing between protecting the information contained in the personnel file and whether less intrusive means are available to request the information. "[E]ven when the balance tips in favor of disclosure, constitutional concerns require a strict circumspection of the scope of the disclosure." Id. at 346, (citing, *Cutter v. Brownbridge* (1986) 183 Cal.App.3d 836, 843).

"...[T]he rules of discovery do not allow unrestricted access to all species of information.  Discovery of constitutionally protected information is on par with discovery of privileged information and is more narrowly proscribed that traditional discovery." *Tylo v. Sup. Ct.* (1997) 55 Cal.App.4th 1379, 1387.  Defendant's desired fishing expedition into the financial files of its former employees is not permitted when their constitutional right to privacy is at issue.  *Davis v. Superior Court* (1992) 7 Cal. App. 4th 1008, 1017; *Mendez v. Superior Court* (1988) 206 Cal.App.3d 557, 570-571 (**mere conjecture** about what might be found is an insufficient basis for discovery of matters protected by the constitutional right to privacy); and *Huelter v. Superior Court,* (1978) 87 Cal.App.3d 544, 548-549 ("mere speculation does not justify the discovery of privileged matter.")

Given the necessarily limited and tangential relevance of these documents, there is no reason for this court to find that the weighing of interests favors disclosure of the subpoenaed records.

//

7.

## B.   Defendant Has Failed to Use Minimally Intrusive Means

Finally, Defendant has not demonstrated that the use of minimally intrusive means was insufficient to retrieve their desired information.  Thus, Defendants have failed their burden in showing a compelling need for the subpoenaed files because there are less intrusive means of seeking the requested information.  See *Newell v. County of San Diego* (S.D. Cal.) 2013 U.S. Dist. LEXIS 66521, *3-4 ("In the context of discovery of confidential information in personnel files, even when such information is directly relevant to litigation, discovery will not be permitted until a balancing of the compelling need for discovery against the fundamental right of privacy determines that disclosure is appropriate.")

In addition, the requests seek documents without a time limit and for all Paypal transactions.  Thus, even if the Court denies the instant motion to quash, Plaintiff requests the Court at least limit the scope of the subpoena to directly relevant information related to Plaintiff's employment with Defendant and to a relevant time period.

At the very least, Defendant should have to limit its subpoena by time and to specific customers it believes were illegally taken on by Plaintiff and paid through Paypal.

## VII.   Motion to Quash Is Proper Remedy

A court may make an order quashing a subpoena in its entirety, modify it, or direct compliance with it upon such terms or conditions as the court declares, including protective orders.  FRCP Rule 45(d)(3).  Additionally, a court may make any order to protect a party from unreasonable or oppressive demands, including unreasonable violations of privacy.  FRCP Rule 26

A party has standing to move to quash a subpoena on the ground that it calls for irrelevant or confidential information.  *Singletary v. Sterling Transport Co. Inc.* (ED VA 2012) 289 FRD 237, 239-242; *Blotzer v. L-3 Communications Corp.* (D AZ 2012) 287 FRD 507, 509-510.

8.

### A.    Court Should Issue Protective Order In the Alternative

In the alternative to quashing the subpoena, this court should grant a protective order so that Plaintiff's trade secret names of customers and other confidential information not be revealed to Defendants, but rather remain solely in the possession of Defendants' attorney, never to be revealed to Defendants themselves.  The protective order should also provide that the subpoenaed documents never be subjected to public dissemination and only be filed under seal.  See FRCP 26(c)(1) (holding protective order proper for trade secrets).

## VIII.  Attempt to Meet and Confer in Good Faith

On October 7, 2019, Plaintiff sent a meet and confer letter to Defense counsel, in which Plaintiff's objections to the subpoena were outlined.  Nomanim Declaration, Exhibit B.  The parties then met and conferred on the phone and exchanged emails, but they could not reach a compromise. Nomanim Declaration, Exhibit B.  Thus, this motion became necessary.

## IX.    Conclusion

Plaintiff's filing of this lawsuit does not grant Defendants *carte blanche* to plunder the private financial records of Plaintiff and her former coworker.  However, Defendant insists on the right to a fishing expedition, and has failed to articulate a proper justification for its over-broad, invasive, irrelevant subpoenas.  Thus, we respectfully request that the subpoenas be quashed or limited.  In the alternative, Plaintiff requests a protective order to limit the dissemination of this highly private information.

DATED:   October 23, 2019                    EISENBERG & ASSOCIATES

By:_____/s/_____
        Daniel Nomanim
        Attorneys for Defendant

9.

### **Declaration of Daniel Nomanim**

I, Daniel Nomanim, declare:

1.     I am an attorney at law duly licensed to practice law in California and admitted to practice before this court.  I am an associate of the firm of Eisenberg & Associates, counsel of record for Plaintiff in this matter.  I have personal, firsthand knowledge of the following facts and if called as a witness, I could and would testify competently to the same.

2.     On October 3, 2019, my office was served by mail with the subpoena at issue in the instant motion to quash.  A true and correct copy of said subpoena is attached hereto as **Exhibit A**.

3.     A true and correct copy of the parties meet and confer correspondence regarding the subpoenas at issue is attached hereto as **Exhibit B**.

4.     I also called Plaintiff's counsel on October 8, 2019 to attempt to resolve this matter, but we reached an impasse.

    I declare under penalty of perjury under the laws of California that the foregoing is true and correct and that this declaration was executed on October 23, 2019.



/s/
Daniel Nomanim

10.

Exhibit "A"

SUBP-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin Abbott 281312/Chandra Winter 325353<br>Lobb & Plewe, LLP<br>4160 Temescal Canyon Rd, Suite 202<br>Corona, CA 92883<br>　TELEPHONE NO.: (951)788-9410　FAX NO.: (951)-788-0766<br>　E-MAIL ADDRESS: kabbott@lobbplewe.com/cwinter@lobbplewe.com<br>ATTORNEY FOR *(Name):* Defendants Dorcy, Inc. and Dorcy Pruter | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
　STREET ADDRESS:  111 N. Hill Street
　MAILING ADDRESS:
　CITY AND ZIP CODE:  Los Angeles, CA 90012
　BRANCH NAME:  Stanley Mosk

PLAINTIFF/PETITIONER: Jenna Noble

DEFENDANT/RESPONDENT: Dorcy, Inc. dba Conscious Co-Parenting Inst
Dorcy Pruter

| DEPOSITION SUBPOENA<br>FOR PRODUCTION OF BUSINESS RECORDS | CASE NUMBER:<br>19STCV28952 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
PAYPAL HOLDINGS, INC, C.T. Corporation System
818 West Seventh Street, Suite 930, Los Angeles CA 90017

1.　**YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS described in item 3, as follows:**

To *(name of deposition officer):* First Legal Records
On *(date):* 10/24/2019　　　　　At *(time):* 10:00
Location *(address):* 1511 Beverly Blvd, Los Angeles, CA 90026
**Do not release the requested records to the deposition officer prior to the date and time stated above.**

　　a. ☒ by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

　　b. ☐ by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

　　c. ☐ by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2.　*The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3.　The records to be produced are described as follows *(if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*
PLEASE SEE ATTACHMENT 3 EXPRESSLY INCORPORATED HEREIN BY THIS
REFERENCE.
　　☒ Continued on Attachment 3.

4.　**IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: 10/3/2019

KEVIN ABBOTT
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　▶　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(SIGNATURE OF PERSON ISSUING SUBPOENA)
　　　　　　　　　　　　　　　　　　　　　　　　Attorney
　　　　　　　　(Proof of service on reverse)　　　　　　　　　　(TITLE)　　　　　　　　　Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-010 [Rev. January 1, 2012] | CEB\| Essential<br>ceb.com \| Forms | **DEPOSITION SUBPOENA FOR PRODUCTION<br>OF BUSINESS RECORDS** | Code of Civil Procedure, §§ 2020.410-2020.440;<br>Government Code, § 68097.1<br>www.courts.ca.gov |
|---|---|---|---|

Dorcy Pruter

Ex. A-01

**SUBP-010**

| PLAINTIFF/PETITIONER: Jenna Noble | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Dorcy, Inc. dba Conscious Co-Parenting In Dorcy Pruter | 19STCV28952 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR
## PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a. Person served *(name):*

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
      Amount:................................. $ _____

      (2) ☐ Copying fees were paid.
      Amount:................................. $ _____

   f. Fee for service:.................................... $ _____

2. I received this subpoena for service on *(date):*

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
                    (SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
                    (SIGNATURE)

SUBP-010 [Rev. January 1, 2012]

CEB® | Essential
ceb.com | ᎒ Forms®

**DEPOSITION SUBPOENA FOR PRODUCTION
OF BUSINESS RECORDS**

Dorcy Pruter

Page 2 of 2

Ex. A-02

## ATTACHMENT 3

## DEFINITIONS

1.      "YOU" and "YOUR" shall refer to PayPal Holdings, Inc.

2.      "PAYPAL ACCOUNT" refers to any PayPal business or personal account for any of the named individuals from 2018 to the present.

3.      "JENNA NOBLE" shall refer to Jenna Noble, associated with email accounts including but not limited to: jenna@pathwaysfamilycoaching.com, monique@pathwaysfamilycoaching.com, clientcare@pathwaysfamilycoaching.com, and parallelparentingcoaching@gmail.com.

4.      "MONIQUE MASON" shall refer to Monique Mason, associated with email accounts including but not limited to monique@pathwaysfamilycoaching.com, clientcare@pathwaysfamilycoaching.com, and parallelparentingcoaching@gmail.com.

5.      "SERVUS ACCOUNT" shall refer to an account with Servus Credit Union with the following identifying information:  2410506 Alberta Ltd.; bank account number 649608399241; Transit Number 60199.

6.      "TD CANADA TRUST ACCOUNT" shall refer to an account with TD Canada Trust with the following identifying information:  bank account number 521346; Transit Number 93840; Institution Number 004.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1

All PAYPAL ACCOUNT information associated with JENNA NOBLE.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2

All PAYPAL ACCOUNT information associated with MONIQUE MASON.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3

All financial instruments added to PAYPAL ACCOUNTS associated with JENNA NOBLE.

705937

Ex. A-03

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4**

All financial instruments added to PAYPAL ACCOUNTS associated with MONIQUE MASON.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5**

Complete PayPal transactional information for PAYPAL ACCOUNTS associated with JENNA NOBLE.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6**

Complete PayPal transactional information for PAYPAL ACCOUNTS associated with MONIQUE MASON.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7**

All PAYPAL ACCOUNT information associated with the TD CANADA TRUST ACCOUNT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8**

Complete PayPal transactional information for all PAYPAL ACCOUNTS associated with the TD CANADA TRUST ACCOUNT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9**

All PAYPAL ACCOUNT information associated with the SERVUS ACCOUNT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10**

Complete PayPal transactional information for all PAYPAL ACCOUNT information associated with the SERVUS ACCOUNT.

705937

Ex. A-04

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

     I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 4160 Temescal Canyon Rd., Suite 202, Corona, CA 92883.

     On October 3, 2019, I served the foregoing documents by placing a true copy thereof enclosed in a sealed envelope and addressed as stated below:

**DOCUMENTS SERVED:**      **DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**

**SERVED UPON:**
Daniel Nomanim, Esq.
Eisenberg & Associates
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
(213) 201-9331 phone
(213) 382-4083 fax
**www.laborlitigators.com**

X    **(By Mail)** I declare that I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Corona, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     **(By E-mail or Electronic Transmission)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     **(By Overnight Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery of documents. Under that practice it would be delivered to an authorized agent or driver of UPS/Federal Express with the fees paid or provided for on the date of service and delivered the next day.

     **(By Personal Service)** I caused such envelope to be hand delivered to the offices(s) of the addressee(s).

X    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 3, 2019, at Corona, California.

_____
JAN DIEBOLD

LOBB & PLEWE, LLP
4160 TEMESCAL CANYON RD., SUITE 202
CORONA, CALIFORNIA 92883

Ex. A-05

Exhibit "B"

M Gmail                                                            Daniel Nomanim <dnomanim@gmail.com>

---

**Noble v. Dorcy, Inc.; M&C on Def's Subpoena**

**Daniel Nomanim** <den@laborlitigators.com>                                Fri, Oct 11, 2019 at 2:36 PM
To: Kevin Abbott <kabbott@lobbplewe.com>
Cc: Chandra Winter <cwinter@lobbplewe.com>, Michael Eisenberg <mbe@laborlitigators.com>

Kevin,

As I've stated twice now (maybe the third time will be the charm) your subpoena violates FRCP Rule 26.  It's premature.  None of the cases you cited apply to a premature subpoena.  FRCP Rule 45 clearly states that "A subpoena must issue from the court where the action is pending."  This matter is incredibly simple and black letter law, yet you are refusing to operate in good faith.

Even if the subpoena was proper, your subpoenas would still be incredibly overbroad by requesting everything Paypal has as opposed to specific transactions, invade a third parties privacy, and are totally irrelevant to Plaintiff's claims.

Because you are refusing to withdraw or modify your subpoena in any way and no protective order is even yet in place, you are forcing us to file a motion to quash.

Daniel Nomanim, Esq.
Eisenberg & Associates
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
(213) 201-9331 phone
(213) 382-4083 fax
www.laborlitigators.com

PRIVILEGE AND CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If you are not the intended recipient of this message, you are hereby notified that disseminating, distributing, or copying it or any attachment to it is strictly prohibited.  If you have received this message in error, please notify me immediately by email and delete the original message.

On Thu, Oct 10, 2019 at 8:23 PM Kevin Abbott <kabbott@lobbplewe.com> wrote:

Daniel, I just provided you recent law indicating that the subpoena is at *least* arguably valid, given the lack of clear jurisprudence on the subject.  Please reconsider my proposal concerning the subpoena and a protective order.

*Kevin Abbott*

PARTNER

P  951.788.9410

F  951.788.0766

kabbott@lobbplewe.com

www.lobbplewe.com

LOBB & PLEWE, LLP | 4160 TEMESCAL CANYON RD | SUITE 202 | CORONA, CA | 92883

**From:** Daniel Nomanim [mailto:den@laborlitigators.com]
**Sent:** Thursday, October 10, 2019 5:13 PM
**To:** Kevin Abbott
**Cc:** Chandra Winter; Michael Eisenberg
**Subject:** Re: Noble v. Dorcy, Inc.; M&C on Def's Subpoena

Kevin,

A state court subpoena is not an injunction, order, or other proceeding.  Through removal, you divested the state court's jurisdiction for the subpoena, so it has no force and effect.

In any case, the subpoena violates FRCP Rule 26(d), which states "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)...").  Because the FRCP 26 conference has not yet occurred,

the subpoena served prior to our conference under FRCP Rule 26 was invalid.

As such, we will not allow the subpoena to go forward.  Your choice is to send us email confirmation of a letter withdrawing the subpoena by close of business today or face a motion to quash which will request appropriate sanctions.

If you want to meet and confer about this properly, you can withdraw the subpoena without prejudice and we can address it in the proper court.  Your insistence on going forward with an invalid subpoena, however, is totally unacceptable.

Daniel Nomanim, Esq.

Eisenberg & Associates

3580 Wilshire Blvd., Suite 1260

Los Angeles, California 90010

(213) 201-9331 phone

(213) 382-4083 fax

www.laborlitigators.com

## PRIVILEGE AND CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If you are not the intended recipient of this message, you are hereby notified that disseminating, distributing, or copying it or any attachment to it is strictly prohibited.  If you have received this message in error, please notify me immediately by email and delete the original message.

On Thu, Oct 10, 2019 at 4:52 PM Kevin Abbott <kabbott@lobbplewe.com> wrote:

Daniel, I disagree with your position.  28 USC § 1450 provides that "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  Proceedings include discovery.  *See, e.g., Mann v. Metro. Life Ins. Co.,* No. 99-CV-36, 1999 WL 33453411, at *2 (W.D. Va. July 9, 1999) ("Accordingly, the court concludes that the removal of the instant case from state to federal court did not affect the validity and force of plaintiff's request"); *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir.1996) ("[A]fter removal, the federal court takes the case up where the State court left it off."); *Carvalho v. Equifax Information Services, LLC,* 629 F.3d 876, 887 (9th Cir.2010) ("The federal court ... treats everything that occurred in the state court as if it had taken place in federal court.").

At most, the issue here is a disputed one in the Ninth Circuit.  *Pena v. Taylor Farms Pac., Inc.,* No. 2:13-CV-1282 KJM AC, 2013 WL 3933934, at *4 (E.D. Cal. July 29, 2013).  Accordingly, rather than engaging in law and motion on a disputed area of law, I have proposed that my office will maintain any records received without disclosing them to our client until we have agreed on a protective order.  Let me know if this is agreeable.

*Kevin Abbott*

PARTNER

**P** 951.788.9410

**F** 951.788.0766

kabbott@lobbplewe.com

www.lobbplewe.com

LOBB & PLEWE, LLP | 4160 TEMESCAL CANYON RD | SUITE 202 | CORONA, CA | 92883

**From:** Daniel Nomanim [mailto:den@laborlitigators.com]
**Sent:** Thursday, October 10, 2019 10:34 AM
**To:** Kevin Abbott
**Cc:** Chandra Winter; Michael Eisenberg
**Subject:** Re: Noble v. Dorcy, Inc.; M&C on Def's Subpoena

Hello Kevin,

Because the case has been removed, the subpoena is now premature pursuant to FRCP Rule 26(d), which states "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)...").

Because the FRCP 26 conference has not yet occurred, the subpoena served prior to our conference under FRCP Rule 26 was invalid.

Please agree to withdraw or we will be filing a motion to quash this premature subpoena.

Please email us a proof of service sent to Paypal by close of business today to avoid what should be an unnecessary motion.

Daniel Nomanim, Esq.

Eisenberg & Associates

3580 Wilshire Blvd., Suite 1260

Los Angeles, California 90010

(213) 201-9331 phone

(213) 382-4083 fax

www.laborlitigators.com

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are hereby notified that disseminating, distributing, or copying it or any attachment to it is strictly prohibited. If you have received this message in error, please notify me immediately by email and delete the original message.

On Tue, Oct 8, 2019 at 3:54 PM Kevin Abbott <kabbott@lobbplewe.com> wrote:

Daniel, it was good speaking with you about this subpoena. While I do find informal discovery conferences to be useful, since the subpoena was served, we have decided to remove this matter to federal court, divesting Judge Linfield of jurisdiction. The removal documents are being filed today. I will prepare a protective order for your review. In the meantime, I am happy to agree that I will not disclose any documents produced by Paypal to my client unless and until we have agreed on a protective order and we have had the opportunity to meet and confer on the designation of said documents pursuant to that order. Please let me know if this is acceptable.

*Kevin Abbott*

PARTNER

**P** 951.788.9410

**F** 951.788.0766

kabbott@lobbplewe.com

www.lobbplewe.com

LOBB & PLEWE, LLP | 4160 TEMESCAL CANYON RD | SUITE 202 | CORONA, CA | 92883

**From:** Daniel Nomanim [mailto:den@laborlitigators.com]
**Sent:** Tuesday, October 8, 2019 3:22 PM
**To:** Kevin Abbott; Chandra Winter
**Subject:** Re: Noble v. Dorcy, Inc.; M&C on Def's Subpoena

Hello Kevin,

Thank you for speaking with me about your subpoena. We believe the subpoenas are still too overbroad, irrelevant, and invade Plaintiff and Ms. Mason's privacy rights. See Cobb. v. Sup.Ct. (1979) 99 Cal.App.3d 543, 550. "[T]here is a right to privacy in confidential customer information whatever form it takes, whether that form be...statements, or other account information." *Fortunato v. Sup.Ct.* (2003) 114 Cal.App.4th 475, 480. Moreover, the confidential financial affairs of third persons are entitled to a heightened privacy. See Valley Bank of Nevada v. Sup.Ct. (1975) 15 Cal.3d 652, 658.

As you know, you are requested paypal account information regarding the Servus and TD Canada Trust account.

You stated the alleged relevance was because Plaintiff allegedly stole customer list, converted funds, and embezzled funds, even though there is no evidence of such misconduct. Moreover, I pointed out that your client would have to turn over such information as well.

The only thing we agreed upon is that we should enter a protective order now, as the judge will require one whether or not we could avoid a motion to quash.

As a last ditch effort to resolve this issue, would you be willing to attend an informal discovery conference with Judge Michael Linfield? He is an excellent judge and I've resolved numerous discovery issues with him informally. It will save both parties substantial time and fees. If so, we need the subpoena to be withdrawn for the time being until we can meet with the Judge. I have to file the MTQ by Friday, so please let me know by 12:00 p.m. on Thursday whether you are willing to go to an IDC.

On Mon, Oct 7, 2019, 8:32 PM Daniel Nomanim <den@laborlitigators.com> wrote:

Hi Kevin,

Please see attached.

Do you have time tomorrow to discuss this?

Daniel Nomanim, Esq.

Eisenberg & Associates

3580 Wilshire Blvd., Suite 1260

Los Angeles, California 90010

(213) 201-9331 phone

(213) 382-4083 fax

www.laborlitigators.com

PR

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are hereby notified that disseminating, distributing, or copying it or any attachment to it is strictly prohibited. If you have received this message in error, please notify me immediately by email and delete the original message.

Ex. B-04

/

# EISENBERG & ASSOCIATES

### EMPLOYMENT LAWYERS

3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
Telephone (213) 201-9331
Facsimile (213) 382-4083
www.laborlitigators.com

October 7, 2019

**Via Email Only**
Kevin Abbott, Esq. (Kabbott@lobbplewe.com)
CC: Chandra Winter, Esq. (Cwinter@lobbplewe.com)

      Re:    *Jenna Noble v. Dorcy, Inc. dba Concious Co-Parenting Institute*

This letter pertains to the subpoena directed to Plaintiff Noble and Monique Mason's Paypal accounts in connection with the above-referenced litigation. This letter intends to comply with the meet and confer requirements of the California Code of Civil Procedure. We are objecting to the subpoena on the grounds that it fails to include a notice to consumer, is extremely overbroad, invades Plaintiff's privacy as well as the privacy of a third party, is absolutely irrelevant, and is not narrowly tailored to the issues in this case. The subpoena requests literally all of Plaintiff and Ms. Mason's paypal account information.

**No Notice to Consumer Was Included**
First, the subpoena fails to adequately notify relevant consumers as Defendant failed to include a notice to consumer in compliance with CCP §§1985.3, 1985.6. Financial records are obviously consumer information, so failure to include a notice to consumer is a fatal defect of the subpoena.

**Invasion of Third-Party and Plaintiff's Privacy Rights and Lack of Relevance**
Although by bringing suit there may be an implicit ***partial*** waiver of the right to privacy, "the scope of such waiver must be narrowly, rather than expansively construed, so that plaintiffs will not be unduly deterred from instituting lawsuits by fear of exposure of private activities." *Davis v. Superior Court* (1992) 7 Cal.App.4th 1008, 1014. Furthermore, "even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a careful balancing of the compelling public need for discovery against the fundamental right of privacy." *Id.* "The scope of discovery must be narrowly circumscribed, drawn with narrow specificity, and must proceed by the least intrusive manner." *Id.*

Courts have found that such subpoenas can have a "chilling effect" on a Plaintiff's decision to assert his or her legal rights. See *Rivera v. NIBCO, Inc.* (9th Cir. 2003) 364 F.3d 1057, 1065-66 (recognizing that discovery that would cause a chilling effect on Plaintiffs seeking to enforce their employment rights is an unreasonable burden and therefore affirmed the district court's protective order).

Disclosure of private records cannot be compelled unless the information is *directly related* to this action - that is, it must be *essential* to determining the truth of matters in dispute. *Britt v. Sup. Ct.* (1978) 20 Cal. 3d 844, 859-862. Moreover, even where the information meets this high standard of relevance, it is not to be disclosed unless a balancing of the interests favors

Kevin Abbott, Esq.
October 7, 2019
Page 2

disclosure.  Where a party seeks to discover documents subject to the constitutional right to privacy, that party bears the burden of establishing a <u>compelling need</u> for the discovery.  *Harding Lawson Associates v. Sup. Ct.* (1992) 10 Cal. App. 4th 7, 10; *Davis v. Sup. Ct.* (1992) 7 Cal.App. 4th 1008, 1014.

Finally, to the extent a court allows discovery into information protected by the right to privacy, the order must "be the **minimum intrusion necessary** to achieve its objective."  *Lantz v. Sup. Ct.* (1994) 28 Cal.App.4th 1839, 1855 (emphasis added).

Here, Paypal account records are clearly private financial information similar to a bank account. See *Bowerman v. Field Asset Servs*. 2013 U.S. Dist. LEXIS 163197, *12 (refusing to compel bank records given ample alternatives to get non-private records even though a protective order was in place). Defendants cannot demonstrate that Plaintiff's Paypal records are directly related to this action, nor can Defendants show that a compelling need exists to produce those private records.  A fortiori they cannot do so for Ms. Mason.  The documents requested - private financial records- simply have no bearing on the matters in dispute in this action.

**<u>Conclusion</u>**
Although we contend that the subpoena is overbroad and violative of Plaintiffs' privacy rights, we are willing to meet and confer if Defendants comes forward with a good faith argument.  As part of this meet and confer, we request you withdraw the subpoena in the time being because a notice to consumer was not sent anyway.

The subpoenas have a production date of October 24, 2019 and Plaintiff's office is closed from October 14-22.  As such, the time limit for meeting and conferring regarding the subpoena is quite limited.  Accordingly, please advise us of your response to this letter or, <u>at a minimum</u>, availability for a meet and confer call by **the close of business on October 9, 2019**.  If you do not agree to cancel the subpoenas or agree to meet and confer regarding the scope of the subpoena, we will be forced to file a motion to quash on October 10, 2019, which will request appropriate sanctions.  Given the shortened time frame for motions to quash subpoenas, if we are completely ignored, we will be completely justified in filing our motion.

*Daniel Nomanim*
DANIEL NOMANIM

CC: Paypal Holdings, Inc. C.T. Corporation System
818 West Seventh St., Suite 930, Los Angeles, CA 90017

Ex. B- 06

## **Declaration of Jenna Noble**

I, Jenna Noble, declare:

1. I am the Plaintiff in the case Jenna Noble v. Dorcy, Inc., et. al.  I have personal, firsthand knowledge of the following facts and if called as a witness, I could and would testify competently to the same.

2. May Paypal account contains the names of some of my customers, which I keep secret from the outside world and I do not want revealed to anyone else as they are a trade secret.  My former employer could use these customer names to try to poach these customers or could attempt to defame me to them.

   I declare under penalty of perjury under the laws of California that the foregoing is true and correct and that this declaration was executed on October 11, 2019.

   _____
   Jenna Noble

Plaintiff's MTQ Plaintiff's Deposition Subpoenas for Production of Business Records

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of 18 years and am employed in the county of Los Angeles, State of California. I am not a party to this action. My business address is 3580 Wilshire Blvd., Suite 1260, Los Angeles, CA 90010.

On the date below, I served the foregoing document(s) described as: Plaintiff's Notice of Motion and Motion to Quash Plaintiff's Deposition Subpoenas for Production of Business Records or, in the alternative, Motion for a Protective Order; Declaration of Daniel Nomanim; Declaration of Jenna Noble by placing a true copy thereof enclosed in a sealed envelope, as indicated thereon to the following:

Kevin Abbott, Esq. (Kabbott@lobbplewe.com)
Chandra Winter, Esq. (Cwinter@lobbplewe.com)
Lobb & Plewe, LLP
4160 Temescal Canyon Rd., Suite 202
Corona, CA 92883
Fax: (951) 788-0766

__ (By Mail)        I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ (By Personal Service)        I caused such envelope to be delivered by hand to the addressee(s).

_X_ (By NEF)        The Document was served via Notice of Electronic Filing.

____ (By Overnight Mail)        I caused the foregoing document to be deposited into the Federal Express pickup box located at 3580 Wilshire Blvd, Los Angeles, California 90010 on the date below which is regularly maintained by Federal Express. I am "readily familiar" with the practice of Eisenberg & Associates for the collection and processing correspondence for overnight delivery and know that the document(s) described herein were deposited in a box or other facility regularly maintained by Federal Express for overnight delivery. Said package shipment was prepaid and the bill was sent to the sender, namely, Eisenberg & Associates.

I declare under penalty of perjury pursuant the laws of the State of California that the foregoing is true and correct. Executed on October 24, 2019 in Los Angeles, California.

_____/s/_____
Daniel Nomanim

3.

Plaintiff's MTQ Plaintiff's Deposition Subpoenas for Production of Business Records, or in the Alternative, Motion for a Protective Order