O

# United States District Court
# Central District of California

| | |
|---|---|
| JENNA NOBLE,<br><br>                 Plaintiff,<br><br>   v.<br><br>DORCY INC. et al.<br><br>                 Defendants. | Case No. 2:19-cv-08646-ODW (JPRx)<br><br>**ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION TO DISMISS [10]** |

## I.     INTRODUCTION

Defendants Dorcy Inc. and Dorcy Pruter (collectively, "Defendants") move to dismiss certain claims in Plaintiff Jenna Noble ("Noble")'s Complaint alleging sexually harassing conduct during her employment. (*See generally* Mot. to Dismiss ("Mot."), ECF No. 10.)   For the reasons that follow, the Court **GRANTS IN PART, AND DENIES IN PART,** Defendants' Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.  BACKGROUND

Around April or May of 2018, Noble, a resident of Alberta, Canada, began her position as an enrollment manager with Dorcy Inc., a California corporation.  (Notice of Removal Ex. A ("Compl."), ¶¶ 1–2, 8, ECF No. 1-1.)  Her duties included: employee training, customer service, customer solicitation, customer enrollment, secretarial duties, and marketing Dorcy Inc. services at conventions.  (Compl. ¶ 9.) Noble alleges that Dorcy Inc. agreed to pay her commission for participants she enrolled in Dorcy Inc.'s coaching programs; however, Dorcy Inc. failed to pay any such commission.  (Compl. ¶¶ 10, 11.)

Furthermore, Noble alleges that she suffered from sexually harassing conduct and battery by her supervisor, Ms. Dorcy Pruter ("Pruter").  (Compl. ¶ 12.)  On or around May 31, 2019, Noble and Pruter attended a business trip to the Association of Family and Conciliation Courts at which Pruter allegedly forcefully grabbed Noble's breasts.  (Compl. ¶ 12.)  Noble made a police complaint about this incident in Lloydminster, Alberta, Canada.  (Compl. ¶ 13.)  Noble alleges that on June 18, 2019, Dorcy Inc. terminated her in retaliation for her complaint.  (Compl. ¶ 14.)  As a result, Noble suffered emotional injuries and loss of earnings and benefits.  (Compl. ¶ 17.)

Noble brings this lawsuit in connection with her employment with Dorcy Inc., her subsequent termination, and Dorcy Inc.'s alleged failure to pay wages.  (*See* Compl.)  Specifically, Noble alleges six claims against both Defendants: (1) breach of contract, (2) fraud, (3) nonpayment of wages, (4) sexual harassment in violation of the Fair Employment and Housing Act ("FEHA"), (5) sexual battery, and (6) retaliation in violation of FEHA.  (*See* Compl.)  In the instant motion, Defendants move to dismiss Noble's first claim as to Pruter and her third, fourth, fifth, and sixth claims as to both Defendants.  (Mot 1–2.)

## III.  LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal

theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Accusations of fraud require a plaintiff to plead with particularity the circumstances constituting fraud.  *See* Fed. R. Civ. P. 9(b).  Rule 9(b) requires that the complaint identify the "who, what, when, where, and how" of the fraudulent activity, "as well as what is false or misleading about" it, and why it is false.  *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.  *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV. DISCUSSION[2]

Defendants move to dismiss Noble's first claim as to Pruter and her third, fourth, fifth, and sixth claims as to both Defendants. (Mot. 1–2.) Specifically, Defendants assert that Noble cannot bring a claim for breach of contract or retaliation against Pruter because she fails to sufficiently allege that Pruter is the alter ego of Dorcy Inc. (Mot. 9–10.) Furthermore, regarding Noble's claims for nonpayment of wages, sexual harassment, sexual battery, and retaliation in violation of FEHA, Defendants argue that Noble fails to allege that her employment or the alleged sexually harassing conduct occurred in California, and consequently fails to state a claim under California law. (Mot. 3–8.)

### A. Alter Ego (Claims 1, 6)

Defendants assert that Noble's first and sixth claims should be dismissed as to Defendant Pruter, because Noble states only conclusory allegations in her Complaint to establish that Pruter is the alter ego of Dorcy Inc. Without an alter ego relationship Noble cannot hold Pruter liable for breach of contract or retaliation in violation of FEHA. (Mot. 9–10.) Noble argues that she did in fact plead multiple allegations showing that Pruter is the alter ego of Dorcy Inc. (Opp'n 11–12.)

To establish an alter ego relationship, "[f]irst, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1042 (C.D. Cal. 2015) (quoting *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 526 (2000)). "Conclusory allegations of 'alter ego' status are

---

[2] In her Opposition, Noble argues extensively that Defendants' Motion should be dismissed because Defendants failed to meet and confer in good faith, in contravention to Local Rule 7-3. (Opp'n to Mot. ("Opp'n") 4–6, ECF No. 15.) On September 13, 2019, counsel for parties telephonically met and conferred regarding the contemplated motion and continued discussing certain legal principles via email. (Notice of Mot. 3; Opp'n 5; Decl. of Daniel Nomanim ("Nomanim Decl.") ¶ 2, ECF No. 15.) Accordingly, the Court renders its decision on the merits.

insufficient to state a claim." *Id.* "[A] plaintiff must allege specific facts supporting both of the elements of alter ego liability." *Id*; *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F.Supp.2d 1060, 1067 (C.D. Cal. 2002).

Here, Noble alleges that Dorcy Inc. and Pruter "are the owners or co-owners of all shares of stock of the corporate Defendants . . . [and] that the shares constitute . . one-hundred percent (100%) of the total number of shares," both share a "unity of interest . . . such that any individuality and separateness . . . have ceased," and Dorcy Inc. is a shell without assets conceived as a device to avoid individual liability. (Compl. ¶¶ 18–20.) Noble also alleges that Dorcy Inc. is "inadequately capitalized" and Pruter has commingled her personal funds with Dorcy Inc. assets. (Compl. ¶¶ 21–22.) As Noble has alleged more than a "formulaic recitation of the elements of a cause of action" and plaintiff's non-conclusory allegations are entitled to the deference of truth, the Court finds that Noble has plausibly alleged the first element of alter ego. *Twombly*, 550 U.S. at 555.

Noble must also allege "an inequitable result if the acts in question are treated as those of the corporation alone." *Gerritsen*, 112 F. Supp. 3d at 1042. Here, Noble alleges that "adherence to the fiction of the separate existence of [Dorcy Inc. and Pruter] would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that Defendants refuse to comply with California law." (Compl. ¶ 25.) Consequently, the Court finds that Noble adequately alleges the alter ego theory. *See Gerritsen*, 112 F. Supp. 3d at 1042.

Accordingly, the Court **DENIES** Defendants' motion to dismiss the first and sixth claim as to Defendant Pruter on this basis.

**B.      Nonpayment of Wages (Claim 3)**

Noble alleges that Defendants failed to compensate her for all hours worked and owe her damages for nonpayment of wages. (Compl. ¶¶ 42, 46.) However, Defendants assert that Noble cannot seek protection of California's Labor laws because she fails to allege that she worked in California. (Mot. 3–4.) Alternatively,

1  Defendants assert that Noble fails to state a plausible claim for nonpayment of wages

2  as she "must allege how much time she spent working in California." (Mot. 4–5.)

3        California Labor Code section 1194 provides that "any employee receiving less

4  than the legal minimum wage or the legal overtime compensation applicable to the

5  employee is entitled to recover in a civil action the unpaid balance of the full amount

6  of this minimum wage . . . ." Cal. Lab. Code § 1194. The California Supreme Court

7  held that "California's overtime laws apply by their terms to all employment in the

8  state, without reference to the employee's place of residence." *Sullivan v. Oracle*

9  *Corp.*, 51 Cal. 4th 1191, 1195, 1197 (2011). This means that the California Labor

10  Code applies to work performed in California by nonresidents who "worked mainly in

11  their home states but also in California." Hence, it follows that nonresidents may seek

12  recovery of unpaid wages for work performed in California. *Gravestock v. Abilene*

13  *Motor Express, Inc.*, No. SA-CV-14-170-JVS-RNBX, 2018 WL 1620885, at \*6 (C.D.

14  Cal. Mar. 8, 2018) ("Several courts have found that some California labor laws apply

15  to work done within California for California employers, regardless of the residency

16  of the employees.")

17        Noble, a Canadian resident, alleges that she came "to California to train [Dorcy

18  Inc.]'s other employees" as part of her employment with Dorcy Inc. (Compl. ¶ 9.) To

19  the extent that Dorcy Inc. failed to compensate Noble for her work in California,

20  Noble is entitled to recover under the California Labor Code. As Noble need only

21  satisfy the minimal notice pleading requirements, she does not have to specify exactly

22  how many hours or days or weeks she spent working in California to state a claim.

23  *Porter*, 319 F.3d at 494. Construing all factual allegations as true and in light most

24  favorable to Noble, the Court finds that Noble sufficiently pleaded her allegations for

25  her claim of nonpayment of wages. *See Lee*, 250 F.3d at 679. Accordingly, the Court

26  **DENIES** Defendants' motion to dismiss as to Noble's third cause of action.

27

28

**C.      Harassment and Retaliation in Violation of FEHA (Claims 4, 6)**

Defendants move to dismiss Noble's fourth and sixth claims of harassment and retaliation in violation of FEHA because Noble fails to allege that the tortious conduct occurred in the State of California.  (Mot. 5–8.)  Noble asserts that the decision to terminate her was made in California and, therefore, she sufficiently pleaded her claim for harassment.  (Opp'n 8.)  She additionally argues that, as Defendants made the decision to terminate her in California for protesting the sexual harassment, part of her quid pro quo harassment occurred in California.  (Opp'n 9–10.)

To determine whether FEHA applies, courts must consider what aspects of the alleged conduct occurred in California.  *See Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988 JF (HRL), 2007 WL 420191, at *2–3 (N.D. Cal. Feb. 5, 2007).  FEHA does not apply uniformly "to all California-based employers regardless of where the aggrieved employee resides and regardless of where the tortious conduct took place." *Campbell v. ARCO Marine, Inc.*, 42 Cal. App. 4th 1850, 1859 (1996) (finding that FEHA does not apply, although the defendant company was headquartered in California, as the alleged tortious conduct occurred while at sea or near the state of Washington); *see e.g., Dodd-Owens*, 2007 WL 420191, at *2–3 (dismissing FEHA claims of gender discrimination and retaliation where, despite plaintiff's allegations that corporate officers employed in California ratified the harassment, the plaintiff failed to "state what aspects of the alleged conduct occurred in California").

Here, Noble alleges only that "Pruter forcefully grabbed [her] breasts during a business trip to the Association of Family and Conciliation Courts"; Noble complained of this conduct to the "police in Lloydminster, Alberta, Canada"; and Dorcy Inc. terminated her in retaliation for filing this complaint.  (Compl. ¶¶ 12–14.)  However, Noble fails to specify the relation between the tortious conduct and California.  Although Noble argues that the decision to terminate her was made in California, she makes no such allegations in her complaint.  (*See* Opp'n 8.)  Consequently, the Court cannot determine whether Noble has claims under FEHA

1  based on the allegations in her complaint.  *See Dodd-Owens*, 2007 WL 420191, at \*2–

2  3.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss the fourth and

3  sixth claims with leave to amend.

4  **D.      Common Law Claim of Sexual Battery (Claim 5)**

5  Defendants move to dismiss Noble's common law claim of sexual battery

6  arguing that California common law does not apply to conduct outside of California.

7  (Mot. 8.)   Noble opposes this argument by stating that nothing in the complaint

8  indicates the applicable choice of law.[3]  (Opp'n 10.)  Defendants also assert that, at the

9  very least, Noble fails to state a claim as she does not allege where the incident took

10  place.  (Mot. 8.)

11  Federal courts in a diversity case will apply the same choice of law rules that

12  the local state courts would apply.  *Patton v. Cox*, 276 F3d 493, 495 (9th Cir. 2002).

13  Accordingly, this Court shall apply California choice of law rules, under which the

14  laws of the "place of the wrong," not the "place of the forum," will apply.  *Zinn v.*

15  *Ex-Cell-O Corp.*, 148 Cal. App. 2d 56, 77 (1957).

16  Here, Noble alleges that Pruter forcefully grabbed her breasts on or around May

17  31, 2019, while the two attended a business trip to the Association of Family and

18  Conciliation Courts.  (Compl. ¶ 12.)  However, Noble fails to allege their location

19  when such actions occurred.   Without notice of where the actions occurred,

20  Defendants do not have adequate notice to defend against the suit.  Accordingly, the

21  Court finds that Noble fails to state a claim for sexual battery.  *Twombly*, 550 U.S. at

22  555 (stating that complaints should provide "fair notice").  However, as Noble may

23  amend her complaint to remedy the deficiency, the Court **GRANTS** the motion to

24  dismiss this claim with leave to amend.

25

26

27  [3] Noble alternatively asserts that the choice of law analysis is not appropriate at the motion to dismiss
stage.  (Opp'n 10.)  However, district courts may analyze the application of choice of law on a

28  motion to dismiss.  *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950, n.6 (9th Cir. 2005)
(comparing two district courts' applications of choice of law on motions to dismiss).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART,** and **DENIES IN PART,** Defendants' Motion to Dismiss (ECF No. 10).   Noble may amend her Complaint to address the deficiencies identified above within **twenty-one (21) days** from the date of this Order.

**IT IS SO ORDERED.**

January 23, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**