O

# United States District Court
# Central District of California

| | |
|---|---|
| JENNA NOBLE,<br><br>                    Plaintiff,<br><br>          v.<br><br>DORCY INC. et al.<br><br>                    Defendants. | Case No. 2:19-cv-08646-ODW (JPRx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [41]; DENYING DEFENDANTS' MOTION FOR ORDER MODIFYING THE SCHEDULING ORDER [51]** |

## I.   INTRODUCTION

Defendants Dorcy Inc. and Dorcy Pruter (collectively, "Defendants") move to dismiss certain claims in Plaintiff Jenna Noble's ("Noble") First Amended Complaint alleging sexually harassing conduct during her employment. (*See generally* Mot. Dismiss ("Mot."), ECF No. 41.) Defendants also move to modify the scheduling order to extend the deadline to hear motions to amend the pleadings or add parties. (*See generally* Mot. Order Modifying Scheduling Order ("Mot. Modify"), ECF No. 51.) For the reasons that follow, the Court **GRANTS** Defendants' Motion to

Dismiss with leave to amend and **DENIES** Defendants' Motion for Order Modifying the Scheduling Order.[1]

## II. BACKGROUND

Around April or May of 2018, Noble, a resident of Alberta, Canada, began her position as an enrollment manager with Dorcy Inc., a California corporation. (First Am. Compl. ("FAC"), ¶¶ 1–2, 8, ECF No. 38.) Her duties included: employee training, customer service, customer solicitation, customer enrollment, secretarial duties, and marketing Dorcy Inc. services at conventions. (FAC ¶ 9.) Noble alleges that Dorcy Inc. agreed to pay her commission for participants she enrolled in Dorcy Inc.'s coaching programs; however, Dorcy Inc. failed to pay any such commission. (FAC ¶¶ 10, 11.)

Furthermore, Noble alleges that she "suffered from sexually harassing conduct and battery by her supervisor Pruter that was severe and/or pervasive." (FAC ¶ 12.) On or around May 31, 2019, Noble and Pruter attended a business trip to the Association of Family and Conciliation Courts in Toronto, Canada, where Pruter allegedly forcefully grabbed Noble's breasts. (FAC ¶ 12.) Noble made a police complaint about this incident in Lloydminster, Alberta, Canada. (FAC ¶ 13.) Noble also alleges that Pruter made sexually harassing comments to her in California. (FAC ¶ 12.) On or about June 18, 2019, Dorcy Inc. terminated Noble. (FAC ¶ 14.) Noble alleges "the decision to fire her was made in California because [she] did not submit to and protested the sexually harassing conduct and battery by her supervisor Pruter." (FAC ¶ 14.) As a result, Noble suffered emotional injuries and loss of earnings and benefits. (FAC ¶ 17.)

Noble brings this lawsuit in connection with her employment with Dorcy Inc. (*See* FAC.) Specifically, Noble alleges six claims against both Defendants: (1) breach of contract, (2) fraud, (3) nonpayment of wages, (4) sexual harassment in violation of

---

[1] After carefully considering the papers filed in connection with the motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

the Fair Employment and Housing Act ("FEHA"), (5) sexual battery, and (6) retaliation in violation of FEHA. (FAC ¶¶ 26–70.) Additionally, Noble adds three claims against Dorcy Inc. in the FAC: (7) penalties pursuant to California Labor Code section 2699, (8) rescission, and (9) declaratory relief regarding unenforceable contract.[2] (FAC ¶¶ 71–109.) In the instant motion, Defendants move to dismiss Noble's fourth and sixth claims. (Mot. 1–2.)

Additionally, in the Scheduling and Case Management Order ("Scheduling Order") governing this case, the Court set May 25, 2020, as the deadline to hear motions to amend the pleadings or add parties. (Scheduling Order 24, ECF No. 43.) On June 1, 2020, Defendants moved to modify the Scheduling Order to extend the deadline to August 3, 2020. (*See* Mot. Modify)

### III.  MOTION TO DISMISS

#### A.  Legal Standard

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right

---

[2] The court may sua sponte dismiss claims under Federal Rule of Civil Procedure ("Rule") 41(b) for a plaintiff's failure to comply with the rules of civil procedure or court's orders. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see* Fed. R. Civ. P. 41(b). Here, Noble raises causes of action seven through nine for the first time in her FAC without complying with Rule 15. Noble filed the FAC beyond the time permitted in Rule 15 for amendments as a matter of right, yet she did not obtain consent from Defendants or leave of court to add the three additional claims. *See* Fed. R. Civ. P. 15. Furthermore, Noble did not comply with the Court's order on January 22, 2020, which granted Noble leave to amend a specific and limited set of issues in her original complaint. *See DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims . . . new claims alleged for the first time in the amended pleading should be dismissed or stricken."). Therefore, the Court dismisses causes of action seven through nine.

to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Accusations of fraud require a plaintiff to plead with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Rule 9(b) requires that the complaint identify the "who, what, when, where, and how" of the fraudulent activity, "as well as what is false or misleading about" it, and why it is false. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**B.      Discussion**[3]

Defendants move to dismiss Noble's fourth and sixth causes of action. (Mot. 1–2.) Defendants assert that Noble has not provided sufficient factual allegations to state a claim for harassment or retaliation under FEHA. (Mot. 3–4.) Specifically, Defendants argue that Noble has not established a sufficient nexus between the alleged tortious conduct and California to justify the application of FEHA. (Mot. 4–7.)

1. Claim 4: Sexual Harassment in Violation of FEHA

In Noble's FAC, she makes two allegations to support a claim for sexual harassment under FEHA: (1) Pruter "forcefully grabbed [Noble's] breasts during a business trip . . . at a hotel in Toronto, Canada" and (2) "Pruter made sexually harassing comments to [Noble] in California." (FAC ¶ 12.) Defendants argue that because Noble alleges Pruter grabbed her breasts in Canada, the first allegation does not create a sufficient nexus to California as required by FEHA. (*See* Mot. 3.) Furthermore, Defendants contend that even though the second allegation states that the sexually harassing comments took place in California, it is conclusory, and consequently, the Court must ignore it. (Mot. 3–4.)

To determine whether FEHA applies, courts must answer the threshold question of whether the offending conduct occurred within California. *See Poehls v. ENSR Consulting & Eng'g*, No. 04-cv-8885 MMM (SHx), 2006 WL 8431770, at *20 (C.D. Cal. Aug. 31, 2006). FEHA does not apply uniformly "to all California-based employers regardless of where the aggrieved employee resides and regardless of

---

[3] In her Opposition, Noble argues that Defendants' Motion should be dismissed because Defendants failed to meet and confer in good faith, in contravention to Local Rule 7-3. (Opp'n to Mot. ("Opp'n") 4, ECF No. 45.) On February 25, 2020, Defendants emailed Noble about their intent to file a motion to dismiss on February 26, 2020. (Opp'n 4; Decl. of Daniel Nomanim ¶ 2, ECF No. 45.) Although sending an email the day before filing the motion does not satisfy the meet and confer requirement, this is the second iteration of Defendants' Motion and Noble had notice that Defendants planned to file it. The Court finds the matter would benefit from consideration of the motion on the merits. Accordingly, the Court accepts all filings and addresses the motion on its merits.

where the tortious conduct took place." *Campbell v. ARCO Marine, Inc.*, 42 Cal. App. 4th 1850, 1859 (1996) (finding that FEHA does not apply, although the defendant company was headquartered in California, as the alleged tortious conduct occurred while at sea or near the state of Washington). Instead, to state a claim under FEHA, the plaintiff must show either that she had been employed in California or that the allegedly tortious conduct took place in California. *Sims v. Worldpac Inc.*, No. C 12-05275 JSW, 2013 WL 663277, at *2 (N.D. Cal. Feb. 22, 2013) (citing *Campbell*, 42 Cal. App. 4th at 1858–59). Noble does not dispute that Pruter's alleged physical contact took place outside of California in Canada. (*See* Opp'n 3, 9.) Accordingly, the FEHA claim cannot be premised on the physical conduct. However, Noble alleges that Pruter's sexually harassing comments occurred in California. (FAC ¶ 12.) A FEHA claim may be cognizable if Noble sufficiently alleges factual support.

To state a claim for sexual harassment under the FEHA, Noble must plead that "(1) she was subjected to verbal or physical contact of a sexual nature, (2) the conduct was unwelcome, and (3) the abusive conduct was sufficiently severe or pervasive so as to alter the conditions of her employment thus creating an abusive working environment." *Lewis v. City of Benicia*, 224 Cal. App. 4th 1519, 1524 (2014) (citing *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006)). Courts allow recovery for harassing comments where the plaintiff shows a "concerted pattern of harassment of a repeated, routine, or a generalized nature," but not where the comments are "occasional, isolated, sporadic, or trivial." *Lyle*, 38 Cal. 4th at 283; *see Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 910 (E.D. Cal. 2017) (finding the plaintiff's allegations insufficient because the alleged comments were not made repeatedly and did not interfere with the plaintiff's work performance); *cf. Singleton v. U.S. Gypsum Co.*, 140 Cal. App. 4th 1547, 1551–53 (2006) (reversing summary judgment in favor of the defendant where the plaintiff's male coworkers made comments every night about him wearing a G-string, performing oral sex on his supervisor and engaging in anal sex—making his job a "living hell").

Noble completely fails to provide details regarding the nature of the comments made in California—including the content or frequency—to establish severity and pervasiveness as required by the FEHA. However, she may amend her complaint to add allegations giving rise to a plausible claim of sexual harassment in California. Hence, the Court **DISMISSES** the claim with leave to amend.

### 2. Claim 6: Retaliation in Violation of the FEHA

Defendants contend that Noble's allegation about her termination is "impermissibly vague" and a termination decision alone is insufficient to establish a nexus with California. (Mot. 5–6.) Noble counters that she may state a claim for retaliation under the FEHA because Defendants made the decision in California to terminate Noble for protesting Pruter's harassment. (Opp'n 9.)

Courts have held that where California-based employees carry out the allegedly tortious conduct—such as retaliatory firing—a FEHA claim may be cognizable. *See, e.g.*, *Sims*, 2013 WL 663277, at *4; *Stovall v. Align Tech., Inc.*, No. 5:18-cv-07540-EJD, 2020 WL 264402, at *3 (N.D. Cal. Jan. 17, 2020). To show that the retaliatory firing occurred in-state, the plaintiff must describe "who was responsible for demoting and firing [the plaintiff], where those individuals were located when they engaged in such conduct, or where [the plaintiff] was located when [s]he was allegedly discriminated against." *Gonsalves v. Infosys Techs., LTD.*, No. C 09-04112 MHP, 2010 WL 1854146, at *2 (N.D. Cal. May 6, 2010).

Noble alleges that "the decision to terminate [her] was made in California." (FAC ¶ 14.). However, Noble does not explicitly identify who fired her, whether they were California-based employees, or how they made the decision for her termination. The Court lacks the necessary factual allegations to make a plausible inference that the retaliatory firing occurred in California. *See, e.g.*, *Buchanan v. NetJets Servs., Inc.*, No. 5:18-cv-00812-EJD, 2018 WL 1933189, at *3 (N.D. Cal. Apr. 24, 2018) (dismissing the plaintiff's argument that FEHA applies simply because he was supervised by California managers); *cf. Sims*, 2013 WL 663277, at *3 (finding the

FEHA allegations sufficient where the plaintiff did not only imply that the defendants worked at the California headquarters but described employment conversations the parties had in the state).

Based on the reasoning above, the Court **DISMISSES** Noble's sixth claim. The Court grants Noble leave to amend should she be able to allege with more detail and specificity the tortious conduct that occurred in California.

## IV. MOTION FOR ORDER MODIFYING THE SCHEDULING ORDER

Next, the Court addresses the Defendants' second motion. Defendants move to modify the Scheduling Order to extend the deadline to hear motions to amend pleadings or add parties from May 25, 2020, to August 3, 2020. (Mot. Modify 2.)

### A. Legal Standard

Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Rule 16 advisory committee's notes (1983 amendment) (internal quotation marks omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

### B. Discussion

Defendants moved to modify the Scheduling Order on June 1, 2020 and set the motion on calendar for June 29, 2020—more than a month after the deadline to hear a motion to amend pleadings or add parties. (*See generally* Mot. Modify.) Defendants argue that good cause exists because they acted with diligence in trying to obtain necessary information to add Pathways Family Coaching, Ltd. ("Pathways"), Noble's

corporate entity, as a counter-defendant.  (Mot. Modify 4.)  Defendants assert that they requested Pathways' address from Noble during discovery on March 17, 2020, to serve Pathways via registered mail, but Noble did not respond.  (Mot. Modify 2–3.)  Defendants contend that when they finally received Pathways' address on May 11, 2020, it was too late to file a motion by the deadline on May 25, 2020.  (Mot. Modify 3.)

Noble argues that Defendants knew Pathways existed as a potential counter-defendant for at least seven months because they filed a subpoena in state court for Pathways' PayPal information on October 3, 2019.  (Opp'n Mot. Modify ("Opp'n Modify") 3, ECF No. 52; *see* Decl. of Daniel Nomanim ¶ 2, Ex. B ("Subpoena"), ECF No. 52.)  Furthermore, Noble argues that both parties submitted a Joint Rule 26 Report on February 24, 2020, in which Defendants stated they wanted to amend to add Pathways as a party.  (Opp'n Modify 3.)

The Court agrees that Defendants have not demonstrated good cause.  Not only have Defendants known of Pathways' relation to Noble since October 2019, they did in fact indicate that they intended to add "the corporate form used by Ms. Noble" as a party in the Joint Report filed four months ago.  (Subpoena; Joint Report 6, ECF No. 40); *see Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 906 (9th Cir. 2011) (finding no good cause where the plaintiff stated his intent to amend one month before the deadline for hearing such motions but sought amendment seventeen days after the deadline).  Defendants learned new information about Pathways in May 2020—the entity's mailing address.  However, Defendants did not need the address to file a motion to add Pathways as a party or at least file a motion seeking an extension prior to the Scheduling Order's deadline.  "The good cause standard typically will not be met where the party . . . has been aware of the facts and theories supporting amendment since the inception of the action."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737–38 (9th Cir. 2013).  Therefore, Defendants fail to

meet the good cause standard in the instant case. Accordingly, the Court **DENIES** Defendants' Motion for Order Modifying the Scheduling Order.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 41.) Noble may amend her Complaint to address the deficiencies identified above within **twenty-one (21) days** from the date of this Order. Additionally, the Court **DENIES** Defendants' Motion for Order Modifying the Scheduling Order. (ECF No. 51).

**IT IS SO ORDERED.**

July 23, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**